J-A18007-22

2023 PA SUPER 40

| | | |
|---|---|---|
| DANIEL GARCIA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| FOOT LOCKER RETAIL, INC., FOOT LOCKER SPECIALTY, INC., AND FOOT LOCKER STORES, INC. | : : : : : | No. 1453 WDA 2021 |
| Appellants | : | |

Appeal from the Order Entered September 2, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-21-002107

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

CONCURRING OPINION BY McLAUGHLIN, J.:     **FILED: MARCH 14, 2023**

In ***Feeney v. Dell Inc.***, 908 N.E.2d 753 (Mass. 2009), the Massachusetts Supreme Judicial Court considered a similar issue regarding Massachusetts' consumer protection statute. There, retailers argued that the erroneous collection of sales tax "falls outside 'the conduct of trade or commerce' as those terms are used in" the statute. ***Id.*** at 769. The Massachusetts statute uses terms identical in all material ways to Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL") and prohibits "unfair or deceptive practices in the conduct of any trade or commerce." ***Id.*** at 770 (quoting Mass. Gen. Laws ch. 93A, § 2).

Like the majority here, the Massachusetts Supreme Judicial Court in ***Feeney*** concluded that the allegations there did not fall within the scope of

the statute. It did, however, identify a fact pattern that it concluded would compel a different result:

> Of course, if a retailer deceptively collects a charge that the retailer terms a "sales tax" and keeps the proceeds of the "tax" for the retailer's own enrichment rather than remit them to the Commonwealth, a different result would obtain. In such a circumstance, the collection of the "tax" would be motivated by business reasons, not by a legislative mandate, and would constitute a "deceptive practice" under G.L. c. 93A. There is no such allegation here.

*Id.* at 771 n.37.

I join the majority on the understanding that it addresses the allegations of the complaint in our case and expresses no opinion on whether a case such as the Massachusetts court identified would be actionable under the UTPCPL.

Judge Stabile and Judge Murray join the concurring opinion.